IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WAYNE GAMBLE<br><br>                Plaintiff,<br>v.<br><br>MILWUAKEE FBI et al.,<br><br>                Defendants. | ORDER GRANTING IFP AND REPORT AND RECOMMENDATION FOR DISMISSAL<br><br>Case No. 2:20-cv-00440-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, Wayne Gamble ("Plaintiff" or "Mr. Gamble"), filed a *pro se* case, and seeks to proceed without the pre-payment of fees (ECF 1). This case is referred to the undersigned for screening based on Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. §1915(e). For the reasons set forth below, the undersigned grants Plaintiff's petition to proceed *in forma pauperis*, and recommends his case be dismissed as frivolous and for failure to state a claim upon which relief may be granted.[1]

### I.    Motion to Proceed Without Prepayment of Fees

Mr. Gamble asks the court to allow him to proceed with his action without paying the required filing fee and other costs associated with litigation (proceeding *in forma pauperis* or "IFP"). The court may grant the Plaintiff's request if he submits an affidavit describing assets and the court finds that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the Plaintiff can pay the costs associated with litigation and still "be able to provide [himself and his dependents] with the

---

[1] The court notes Plaintiff has recently filed cases in this district that have been dismissed for similar reasons. *See Gamble v. United States District Court For the District of Delaware*, Case Nos. 2:20-cv-0370-BSJ (ECF 5 Order Dismiss Case Sua Sponte) and *Gamble v. United States District Court For the District of Delaware*, 2:20-cv-0384-BSJ (ECF 5 same).

necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations emitted). As part of its evaluation under the statute, the court must also consider the viability of his claims. If the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Mr. Gamble's IFP application, the court finds he lacks the resources to pay the costs associated with this litigation. Therefore, the motion to proceed IFP (ECF 1) will be granted.

## II. The Complaint is frivolous and fails to state a claim upon which relief may be granted

Under § 1915(e)(2) the court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(i)-(ii). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id*.; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016).  A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Mr. Gamble's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

When reviewing the sufficiency of a complaint the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Because Plaintiff is proceeding *pro se* the court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id*. at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*.

Plaintiff's Complaint alleges the Milwaukee FBI and Iowa FBI failed "to do their job." The one-page, one-paragraph Complaint also alleges that the Iowa FBI failed to do their job when Plaintiff contact them regarding "crooked agents in Wilmington, Delaware." Having construed Plaintiff's Complaint liberally, the court finds it frivolous and fails to state a claim upon which relief may be granted.

It is impossible to discern which, if any, federal cause of action Plaintiff alleges in his Complaint and there are too few facts to support any claim that could be construed. The Complaint appears to be legally frivolous and fails to state a claim for relief as there is no legal interest articulated requiring FBI agents to do their job to Plaintiff's liking. While Plaintiff references a call that took place with the Milwaukee FBI and infers the Plaintiff requested some event be checked, there are insufficient details to deduct why any of the named Defendants would have an obligation and/or need to do more. The Complaint fails to assert any factual basis for a legally recognizable claim.

For these reasons, Plaintiff's claims should be dismissed. Furthermore, the court is not persuaded that Plaintiff can amend his complaint to comply with the rules. Therefore, the undersigned will recommend the case be dismissed with prejudice.

## RECOMMENDATION

In accordance with 28 U.S.C. § 1915(e) the undersigned RECOMMENDS to the District Court that Plaintiff's Complaint be dismissed with prejudice. Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. A party must file an objection to this Report and Recommendation within fourteen (14) days of being served. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10 November 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah